# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1357V
### Filed: September 7, 2017
UNPUBLISHED

|  |  |
|---|---|
| DOUGLAS A. FREEDMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 18, 2016, Douglas A. Freedman ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he suffered shoulder pain and restricted range of motion caused-in-fact by the influenza vaccine he received on October 23, 2013. Petition at 1, ¶¶ 4, 41.

On March 24, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for shoulder injury related to vaccine administration ("SIRVA"). On September 5, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $100,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner, Douglas A. Freedman.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

DOUGLAS A. FREEDMAN,                     )
                                         )
                                         ) **ECF**
                        Petitioner,      )
                                         )
        v.                               ) No. 16-1357V
                                         ) Chief Special Master
SECRETARY OF HEALTH AND HUMAN            ) Nora Beth Dorsey
SERVICES,                                )
                                         )
                        Respondent.      )
_____  )


### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 18, 2016, Douglas Freedman ("petitioner") filed a petition for vaccine injury

compensation alleging that he suffered a left shoulder injury related to vaccine administration

("SIRVA"), which was caused-in-fact by an influenza ("flu") vaccination administered on October

23, 2013.   Respondent filed his Rule 4(c) Report conceding entitlement to compensation on

March 23, 2017.   The Chief Special Master issued a Ruling on Entitlement on March 24, 2017.

### I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$100,000.00, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).[1]   Petitioner agrees.

---

[1]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.   In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $100,000.00 in the form of a check payable to petitioner.[2]

Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4099

DATED: September 5, 2017

---

[2] Petitioner is a competent adult.   Proof of guardianship is not required in this case.